**Charles Lorin GOVE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23893.**

United States Court of Appeals Fifth Circuit.

March 22, 1967.

Charles Lorin Gove, pro se.

John C. Ciolino, Asst. U. S. Atty., Louis C. LaCour, U. S. Atty., New Orleans, La., for appellee.

Before BROWN, MOORE,* and BELL, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a motion under 28 U.S.C.A. § 2255 after an evidentiary hearing in the District Court.

Appellant was convicted upon his plea of guilty of violations of 18 U.S.C.A. § 2113(a) and (d) (bank robbery) and was sentenced to serve a total of twenty-three years in the federal penitentiary.

Appellant, attacking his conviction, now asserts as his principal grounds for reversal (1) that his plea of guilty was coerced by his appointed counsel who allegedly rendered ineffective assistance to him, and (2) that the trial judge was personally biased against appellant having allegedly learned that the appellant had rented an apartment in a building next door to the Judge's residence.

At the evidentiary hearing on the § 2255 motion before the same District Judge, the appellant, his appointed counsel, and two FBI agents testified.

Appointed counsel denied that he had advised appellant to plead guilty because of any alleged personal bias on the part of the Judge; on the contrary, he testified that he had not been aware of any bias, and that he had advised appellant to plead not guilty because it was his professional opinion that his case was a defensible one, but that appellant insisted upon pleading guilty to the charges.

The proof adduced upon the hearing amply justifies the conclusion that appellant's plea of guilty was freely and understandingly entered after he had received effective assistance of counsel, and that he was convicted and sentenced by an impartial Judge. There was no proof that the trial Judge knew (in fact, the trial Judge stated affirmatively on the record that he did not know) that appellant lived in an apartment in a building next door to the Judge's residence, or that he had ever seen appellant before his appearance in the courtroom. The judgment of the District Court is

Affirmed.